UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO.  5:19-CV-00452-DCR
*Electronically Filed*

ANDRE PENDERMON                                                                                                      PLAINTIFF

vs.

BRITTANY MOORE, et al.                                                              DEFENDANTS

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF BRITTANY MOORE**

      Defendant Brittany Moore ("Moore"), in support of her Motion for Summary Judgment, tenders the following Memorandum in Support:

**STATEMENT OF FACTS**

      This case arises from allegations that Plaintiff's appointment with an eye doctor was delayed due to conflict between the Madison County jailer and the Montgomery County jailer resulting in deprivation of his civil rights under 42 U.S.C. section 1983.

      Plaintiff was an inmate in Madison County.  He had been told in the spring of 2019, while there, that he needed to see an eye doctor, but no appointment was made. (Deposition of Andre Pendermon attached as Exhibit 1, at 20-21.)  Plaintiff was transferred to Montgomery County Regional Jail to be housed. While there, Plaintiff filled out a medical request slip because he was having migraines. (Id. at 17.)   Based upon his prior medical history, he believed that he needed a new prescription for eyeglasses. (Id.)

      In response to his medical request slip, Nurse Amanda did an eye exam on September 21, 2019.  (Id. at 22.)  She told him that he needed to see an eye doctor. (Id.)  Appointments for outside medical providers were to be made by the "head nurse," Brittany Moore.  (Id. at 23.) Defendant

Moore informed him that because he was a Madison County inmate, Madison County had to approve him being taken to the eye doctor's appointment. (Id. at 24.) She was not supposed to schedule the appointment without that approval. (Id.) Defendant Moore contacted the Madison County jailer and was informed that it was Montgomery County's responsibility. (Id. at 25.) Plaintiff became irritated by the "blame game" and filed suit. (Id.) Rather than continue to deal with the situation, Defendant Moore and the Montgomery County jailer made the appointment, took him to it and paid for his new glasses. (Id. at 46.)

Plaintiff was seen by an eye doctor on December 21, 2019. (Id. at 38.) He needed a new prescription. (Id.) He received the new glasses in January 2020. (Id. at 41.)

Plaintiff testified that he did not wish to pursue his 1983 claim against Defendant Moore:

> And I am not sure if Brittany's attorney received it or not, but being that Nurse Brittany did everything that she could to make sure that I got my glasses, I actually wrote a letter in front of Eric Jones, which is the jailer here at Montgomery County, and had it notarized and sent in to try to make it to where this lawsuit wouldn't fall on her on this jail….

(Id. at 40.)

Counsel for Defendant Moore had not received any document:

> Q: ….I do have some questions for you about this document that you referred to because I haven't received a document. So can you tell what it was that you sent me and what you were trying to do?
>
> A: I was trying to get Montgomery County jail and Brittany Moore taken off of this 1983 being that they to my knowledge did everything that they could, even having to go around Madison County deputies or the jailers or whatever. They went ahead and just made my appointment, took me, made sure I got glasses or whatever.

(Id. at 46.) He continued:

> Q: Can you tell me what – not to put words in your mouth, but so, if I understand you, you're wanting to dismiss any claims against Brittany Moore from this 1983 action; is that correct?

4813-8303-0997

      A: That is correct. Brittany Moore and Montgomery County Regional Jail.

(Id. at 47.)

**STATEMENT OF LAW**

**<u>Summary Judgment Standard</u>**

      A motion for summary judgment pursuant to Fed.R.Civ.P. 56(b) tests the viability of the plaintiff's claim. A defendant's motion asserts that at least one essential element of plaintiff's claim is not supported by legally sufficient evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). The defendant does not need his own evidence to support this assertion but need only point to the absence of evidence favoring the plaintiff. *Turner v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005). The plaintiff cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrate that factual questions remain for trial. *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003); *United States v. WRW Corp.,* 986 F. 2d 138, 143 (6th Cir. 1993) "A trial court is not required to speculate on which portion of the record the non-moving party relies, nor is there an obligation to 'wade through' the record for specific facts."

      In response to a properly supported motion for summary judgment, the Plaintiff must come forward with some affirmative evidence demonstrating that a genuine issue of material fact exists. *Hunley v. Dupont Auto*, 341 F.3d 491, 496 (6th Cir. 2003). The Plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence upon which a reasonable jury could find in his favor. *O'Donnell v. City of Cleveland*, 838 F.3d 718, 724 (6th Cir. 2016). Mere speculation will not suffice to defeat a motion for summary judgment. *Westlake Vinyls, Inc. v. Goodrich Corp*., 518 F. Supp. 2d 918, 933 (W.D. Ky. 2007). The nonmoving party

has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. See Fed. R. Civ. P. 56(c)(3).

## I. Defendant Moore is Entitled to Judgment as a Matter of Law As Plaintiff Has Indicated His Intention of Dismissing His Claims Against Her.

Defendant Moore is entitled to judgment as a matter of law as the Plaintiff has, under oath, indicated his intention of dismissing all claims against her. Plaintiff has conceded that Defendant Moore "did everything [she] could" to make sure that he got his new glasses. For those reasons, there are no genuine issues of material fact and Defendant Moore is entitled to judgment as a matter of law.

## II. In the Alternative, Plaintiff Has Not Provided Evidence Sufficient to Establish "Deliberate Indifference" on the part of Defendant Moore

Plaintiff claims in his Complaint that his constitutional rights were violated due to Defendant Moore's alleged deliberate indifference to his health and well-being. Specifically, he alleged that Defendant Moore did not make an appointment for an eye exam promptly. Plaintiff, however, has not provided sufficient evidence to support this claim. The only evidence is that Defendant Moore responded promptly to Plaintiff's request and scheduled his appointment. Therefore, Defendant Moore is entitled to summary judgment.

Prison officials are liable under the Eighth Amendment for failing to protect an inmate only if they act with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed. 211 811 (1994). Officials act with deliberate indifference if they know of a substantial risk to an inmate's safety yet disregard that risk by failing to take reasonable measures to abate it. *Id.* at 837. To establish a violation of his Eighth Amendment rights resulting from a denial of medical care, an inmate must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976); *Brooks*

*v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105-06.

The U.S. Supreme Court has held:

> In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 at 105-06, 97 S.Ct. 285 at 292 (1976).

In *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), the Supreme Court explained the deliberate indifference standard in the context of an Eighth Amendment claim as describing a state of mind more blameworthy than negligence and requiring more than an ordinary lack of due care. *Id*. at 835, 114 S.Ct. 1970. In *Farmer*, the Court adopted a subjective standard for determining whether an official acted or failed to act with deliberate indifference: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id*. at 837, 114 S.Ct. 1970. This standard requires conscious disregard for a substantial risk of serious harm. *Id*. at 839, 114 S.Ct. 1970; *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). Accordingly, even where an official fails to act in the face of an obvious risk of which he should have known but did not, the official has not inflicted punishment in violation of the Eighth Amendment. See *Farmer*, 511 U.S. at 837-38, 114 S.Ct. 1970.

4813-8303-0997

The Sixth Circuit Court of Appeals held in *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001) that:

> [t]he test to determine whether the [prison] officials acted with 'deliberate indifference' has an objective and subjective component. The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious.' As the Supreme Court explained in *Farmer*, 'The inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.' To satisfy the subjective component, an inmate must show that prison officials had 'a sufficiently culpable state of mind.' *Napier*, 238 F. 3d at 742 (internal citations omitted).

The court continued, holding that an "inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id*. citing *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994).

The U.S. Supreme Court and the Sixth Circuit Court of Appeals have rejected contentions of deliberate indifference even in the most egregious situations. For example, in *Estelle v. Gamble*, 429 U.S. 97 at 105-6, 97 S.Ct. 285 at 292 (1976), Mr. Gamble was placed in solitary confinement for prolonged periods of time as punishment for refusing to do work which he was physically unable to perform. Mr. Gamble suffered from a back sprain and high blood pressure, yet prison guards refused to let him sleep on a lower bunk as the doctor had prescribed. *Id*. On at least one occasion, Mr. Gamble had a prescription that was not filled for four days because it was lost by staff personnel. *Id*. When Mr. Gamble suffered chest pains and blackouts while in solitary confinement, he was forced to wait twelve hours to see a doctor while clearance was obtained from the warden. *Id*. Mr. Gamble had made seventeen attempts to obtain diagnosis and treatment for

his condition. *Id*. Nevertheless, the Court found that this conduct did not amount to deliberate indifference. *Id*.

Similarly, in *Napier v. Madison County, Ky.*, 238 F. 3d 739 (6th Cir. 2001), the Sixth Circuit Court of Appeals rejected the plaintiff's claims of deliberate indifference in a case in which the plaintiff, who suffered from complete kidney failure, was kept from scheduled dialysis treatment while incarcerated. The court denied the plaintiff's claim due to his inability to produce evidence of any detrimental effects resulting from the lack of treatment. *Id*. at 743.

In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the plaintiffs alleged that the physician at the correctional facility had repeatedly failed to conduct proper physical examinations and to prescribe necessary pain medications; they also alleged that the doctor regularly cancelled prescriptions made by other doctors without consulting the prescribing doctors or examining the inmates. Other defendants in *Brooks* allegedly failed to properly supervise the doctor and to remedy the problems once they were brought to the defendants' attention. *Id*. at 126. Nevertheless, the court held that even repeated acts of negligence do not constitute deliberate indifference, absent a showing of subjective awareness of a substantial risk of serious harm. *Id*. at 129.

In *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986), during a riot, an unarmed prisoner was shot in the leg by prison officials without a verbal warning. The court held that this did not violate the inmate's Eighth Amendment rights. "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Id*. at 319. "After incarceration, only the 'unnecessary and wanton infliction of pain'… constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Id*. at 319, citing *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401 (1977), quoting *Estelle v. Gamble*, supra at 105-106, 97 S.Ct. at 291-292. *See also Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321 (1991).

7

In order to establish deliberate indifference, Plaintiff must provide evidence that Defendant Moore had knowledge of a substantial risk to Plaintiff's health, that she inferred that there was in fact a substantial risk, and that she disregarded it.  Plaintiff has no such evidence here.

Plaintiff has not and cannot produce any evidence which would indicate that Defendant Moore consciously disregarded a substantial risk of harm to Plaintiff.  Plaintiff alleged that he suffered headaches and some blurry vision as a result of his prescription needing to be updated. He testified that the headaches were not constant – they would come and go.  (Id. at 33.)  He was able to compensate – he was in isolation due to his charges and so was sitting or lying on his bed for most of the time anyway. (Id. at 36.) No one ever told him that his situation with his vision was an emergency. (Id. at 42.)  While Plaintiff's condition might well have been annoying, it posed no substantial risk of serious harm to him.

Furthermore, even if the Court were to conclude that Plaintiff's condition did pose a substantial risk of harm, Plaintiff must demonstrate that Defendant Moore consciously disregarded it.  This element requires that there be evidence of the defendant's *subjective intent*.  *Winkler v. Madison Cty.*, 893 F.3d 877, 892 (6th Cir. 2018) (citing *Comstock v. McCrary*, 273 F. 3d at 703.) The record is barren of any evidence of Defendant Moore's state of mind; however, it is clear that she did not disregard his complaints -- she took action. She contacted the Madison County jailer in an effort to obtain permission to send Plaintiff to be seen by an outside medical provider.  When that permission was not forthcoming, she and the Montgomery County jailer made arrangements anyway, had Plaintiff transported to the appointment and obtained the glasses that were prescribed. Plaintiff concedes that Defendant Moore did everything she could to make sure that he got his new glasses.

Although the Sixth Circuit has held that "deliberate indifference may be established by showing of grossly inadequate care as well as [by] a decision to take an easier but less efficacious course of treatment," where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004).  While Plaintiff may complain that he did not receive the treatment he desired when he desired it, he cannot complain that his requests were ignored. Plaintiff's allegations against Defendant Moore state, at most, a claim regarding the adequacy of the treatment he provided. This is insufficient to support a claim of deliberate indifference. (*Id.*)

Plaintiff's claim of deliberate indifference also fails because the Plaintiff has failed to produce expert testimony linking any action or inaction of Defendant Moore to an injury to the Plaintiff. Plaintiff does not allege and has produced no evidence that he has suffered any harm from his treatment or lack thereof.

Verifying medical evidence is required to state a claim for deliberate indifference. *King v. Alexander,* 574 Fed. Appx. 603, 605 (6th Cir. 2014). In *King*, the plaintiff inmate complained that her finger became infected from a burn and that jail staff, including medical staff, delayed treatment which resulted in amputation.  The inmate had the infection prior to her incarceration. She allegedly informed the staff of the treatment instructions of the outside treating provider which they did not comply with.  She received treatment while in the jail, but that treatment was different from that prescribed by her outside provider.  By the time the inmate received additional treatment, her finger had to be amputated.  The inmate failed to place verifying medical evidence into the record establishing that the delay in receiving the additional treatment had a detrimental effect.

4813-8303-0997

The inmate argued that no medical expert testimony was required. The Sixth Circuit rejected that contention outright. *King* at 606. Verifying medical evidence is required to establish a causal connection between the inadequacy of treatment and injury: "King's failure to provide medical expert testimony to establish a causal link between her injury and the allegedly inadequate treatment thus dooms her deliberate-indifference claim." *Id.* at 606. In so holding the *King* court cited to *Santiago v. Ringle*, 734 F.3d. 585, 591(6th Cir. 2013). In that case, as in the *King* case, Santiago did not "allege that he received *no* medical treatment…Instead he complain[ed] that he was delayed in receiving a *specific type* of medical treatment." *Id*. (emphasis in original). Santiago's deliberate-indifference claim failed because in "a claim based on the prison's failure to treat a condition adequately, medical proof is necessary to assess whether the delay cause a serious medical injury." *Id.* (Internal punctuation omitted.) See also, *Napier v. Madison County*, 238 F. 3d 739, 742 (6th Cir. 2001) ("[a]n inmate who complains that delay in medical treatment rose to the level of a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." In this case, Plaintiff concedes that he has had no further problems with his vision since receiving his new eyeglasses. (Id. at 42.)

Plaintiff has failed to establish that he suffered from a condition that posed a substantial risk to his health; that Defendant Moore was aware of the risk and consciously disregarded it; and that Plaintiff suffered an injury as a result. Therefore, Plaintiff's claim for deliberate indifference fails and Defendant Moore is entitled to judgment as a matter of law.

## CONCLUSION

For the above reasons, Defendant Brittany Moore, respectfully requests that the Court grant summary judgment in her favor on all claims.

Respectfully submitted,

*/s/ Margaret Jane Brannon*
Margaret Jane Brannon
Jackson Kelly PLLC
City Center
100 West Main Street, Suite 700
Lexington KY  40507
(859) 255-9500
*Counsel for Defendant Brittany Moore*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

Andre Pendermon
Montgomery County Jail
751 Chenault Lane
Mt. Sterling, KY 40353
*Plaintiff Pro Se*

*/s/ Margaret Jane Brannon*
*Counsel for Brittany Moore*

11

4813-8303-0997